UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET JOHNSON, ON BEHALF                         CIVIL ACTION
OF DARIELLE WILLIAMS, MINOR

VERSUS                                              NO. 06-0894

STATE OF LOUISIANA, OFFICE OF
COMMUNITY SERVICE, ET AL

## ORDER AND REASONS

Before the Court are several motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by various defendants.  First, is d'Andrea Chatman's ("Chatman") Motion to Dismiss Pursuant to Rule 12(b)(6) or Alternatively for Summary Judgment (Rec. Doc. 16).  Next, is Judge James Lamz's ("Judge Lamz") Motion to Dismiss (Rec. Doc. 17).  Finally, is Jill Chapman ("Chapman") and Susan Vaught's ("Vaught") Motion to Dismiss (Rec. Doc. 19).  Plaintiff, Margaret Johnson ("Johnson") has not filed an opposition to any of the above referenced motions.  The motions are before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record and the applicable law that Court finds that all of the Motions to Dismiss are **GRANTED**.

### I. BACKGROUND

Johnson filed this case on behalf of her granddaughter, Darielle Williams ("Darielle"), alleging that Darielle's civil rights were violated in child protective proceedings.  According to

Johnson, each of the defendants played a part in the state court proceedings, which ultimately resulted in Darielle's placement in foster care. Johnson claims that Darielle's, and her own, rights were violated and that she should have been awarded custody of the child. She filed this suit praying that this Court issue an order preventing the defendants from removing children, who are not in danger, from their families' homes.

**II. ANALYSIS**

When considering a motion to dismiss under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-285 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes,* 987 F.2d at 284).

**1. D'ANDREA CHATMAN'S MOTION TO DISMISS**

Chatman filed a Motion to Dismiss Pursuant to Rule 12(b)(6), asserting that Johnson's complaint fails to state a claim against her for which relief can be granted. Chatman, a staff attorney for the 22nd Judicial District Office of Indigent Defenders, acted as a court appointed counsel for Darielle in the state child in need of care ("CINC") proceedings. Johnson attempts to

2

bring a claim against Chatman under 42 U.S.C. § 1983, essentially alleging that Chatman provided ineffective assistance of counsel in the CINC proceedings.

Section 1983 provides a cause of action for deprivation of one's constitutional rights by a person acting "under color of any statute, ordinance, regulation, custom, or usage."  See, 42 U.S.C. § 1983 (2006).  The Supreme Court has decided that a public defender does not act under the "color of state law" when performing her duties as counsel in a state proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 320, 102 S.Ct. 445, 451, 70 L.Ed.2d 509 (1981).  This attorney, although paid by the state, is performing a private adversarial function.  See, *Id.*

Here, Chapman was appointed to represent Darielle's interests in the CINC proceedings. Although she was not really fulfilling the usual function of a public defender, i.e. representing an indigent criminal defendant, she was acting as a advocate for Darielle.  This is essentially a private adversarial function that was performed by a state funded attorney.  Thus, Chapman did not act under the "color of state law" and Johnson's Section 1983 claims are unfounded and should be dismissed with prejudice.

## 2. JUDGE JAMES LAMZ'S MOTION TO DISMISS

Judge Lamz also filed a Motion to Dismiss in which he claims alternate theories of why Johnson's claims against him should be dismissed.  First, he argues that this Court lacks subject matter jurisdiction over this suit under the *Rooker-Feldman* doctrine because the suit is a collateral attack upon the state court judgment.  Next, Judge Lamz asserts that he is entitled to absolute judicial immunity.  Third, he claims that there are no factual allegation reflecting his participation in any alleged wrong to the plaintiff.  Finally, Judge Lamz argues that Johnson's claims under Section 1983 have prescribed.

Judges are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. See, *Hafer v. Melo*, 502 U.S. 21, 29, 112 S.Ct. 358, 363-64, 116 L.Ed.2d 301 (1991).  Furthermore, under 42 U.S.C. § 1983, injunctive relief is not available against a state judge acting in his official capacity.

Here, Johnson does not make any allegations that Judge Lamz was acting outside of his official capacity or without jurisdiction.  She is claiming the he violated Darielle's, and her own, rights, while acting in his official capacity as a state court judge.  Therefore, Judge Lamz is entitled to absolute immunity and the claims against him must be dismissed with prejudice.[1]

## C. JILL CHAMPAN'S AND SUSAN VAUGHT'S MOTION TO DISMISS

Champan and Vaught filed a Motion to Dismiss.  Like Judge Lamz, they argue that Johnson's claims against them should be dismissed because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Also, they allege that they are entitled to qualified immunity. Third, Champan and Vaught assert that there are no factual allegations reflecting their participation in any alleged wrong to the plaintiff.  Finally, they argue that Johnson's Section 1983 claims against them have prescribed.

Qualified immunity shields government officials preforming discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 369 (1982).  The Supreme Court has recognized that immunity is "an entitlement not to stand trial or fact the other burdens of litigation," in addition

---

[1] Absolute immunity is a sufficient reason to dismiss the claims against Judge Lamz. Thus, the Court will not consider his other arguments in favor of dismissal.

to a shield from liability. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Because the entitlement is an "*immunity from suit* . . . [,] it is effectively lost if a case is erroneously permitted to go to trial. *Id.* (emphasis in original). As a result, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in the litigation." *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The examination of a claim for qualified immunity involves a two-step analysis. Fist, the Court must inquire whether the plaintiff has alleged the violation of a clearly established constitutional right. *Siegert v. Gilly*, 500 U.S. 226, 111 S.Ct, 1789, 114 L.Ed.2d 277 (1991). "The second step is to 'decide whether the defendant's conduct was objectively reasonable' in light of legal rules clearly established at the time of the incident." *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000) (quoting *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993)). Furthermore, the conduct of each defendant must be analyzed separately in light of the circumstances with which each defendant was confronted. See, *Saucier*, 533 U.S. at 202. ("The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

The Fifth Circuit imposes a somewhat heightened pleading requirement on plaintiffs faced with a qualified immunity defense. The Court noted in *Todd v. Hawk*, 72 F.3d 443 (5th Cir. 1995), that "we stand by our insistence that complaints plead more than conclusions, and that a plaintiff can, at the pleading stage, be required to engage the affirmative defense of qualified immunity when invoked . . ." (quoting *Schultea v. Wood*, 47 F.3d 1428 (5th Cir. 1995)). In this

5

case, Johnson describes the actions that the social workers, Champan and Vaught, took pertaining to Darielle's case. She describes a home visit made by Champan and a phone call from Vaught. However, there is not a single fact regarding either defendant by which one could evaluate whether her behavior was objectively reasonable. There is not even an allegation of wrongdoing. Johnson only makes statements about what they said and did on their respective visits and phone calls.  Such conclusory statements are insufficient to meet the heightened pleading requirement in this Circuit.

However, the Fifth Circuit has established a procedure, short of dismissing a case, to undertake in situations where a plaintiff's initial pleadings appear deficient with regard to a qualified immunity defense. As discussed in *Schultea*, 47 F.3d at 1433-34, "[f]irst, the district court must insist that the plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests of more than conclusions alone. Second, the court may in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." The *Schultea* Court continued, "[v]indicating the immunity doctrine will ordinary require such a reply, and the *district court's discretion not to do so is narrow indeed* when greater detail might assist . . . The District Court need not allow any discovery unless it finds that plaintiff has supported his claim *with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id.* at 1434 (emphasis added). Furthermore, the courts have recognized that it may be necessary, before resolving the question of qualified immunity, to permit discovery limited to the qualified immunity issue in cases where the question of objective reasonableness may turn on facts peculiarly within the knowledge of the defendants. *Schultea*, 47 F.3d at 1432

(citing *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

At fist blush, this appears to be a case in which additional pleadings and/or discovery would help to develop the qualified immunity claims. However, the plaintiff has already twice amended her complaint and has failed to provide sufficient allegations against Champan and Vaught. Thus, this Court is disinclined to allow her another opportunity to do so.

Furthermore, the additional pleadings are unnecessary because the claims against Chapman and Vaught can be dismissed on alternative grounds. Under Louisiana law, the prescriptive period for Section 1983 claims is one year. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995). In her petition, Johnson outlines the course of events that culminated in Darielle's removal from her home on February 18, 2005. She does not allege any actions by either Chapman or Vaught after that date. Thus, any causes action for Section 1983 violations against either Chapman or Vaught arose before February 18, 2005. Johnson filed her claim on March 1, 2006. The relevant dates show that Johnson's claims against Chapman and Vaught prescribed must be dismissed with prejudice.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that,

1. d'Andrea Chatman's Motion to Dismiss (Rec. Doc. 16) is hereby **GRANTED**.

2. Judge James Lamz's Motion to Dismiss (Rec. Doc. 17) is hereby **GRANTED**.

3. Jill Champan's and Susan Vaught's Motion to Dismiss (Rec. Doc. 19) is hereby **GRANTED**.

New Orleans, Louisiana this 28th day of November, 2006.

_____
HELEN G. BERRIGAN
UNITES STATES DISTRICT JUDGE