UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET JOHNSON, ON BEHALF                    CIVIL ACTION
OF DARIELLE WILLIAMS, MINOR

VERSUS                                         NO. 06-0894

STATE OF LOUISIANA, OFFICE OF                  SECTION: "C" (2)
COMMUNITY SERVICE, ET AL

## ORDER AND REASONS

Before the Court is a motion to dismiss the original and amended complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants, Robert Couvillion, Donna Davenport, Evelyn Jenkins, Cindy Murphy, Ginger Pine, State of Louisiana, Office of Community Service, Child Protective Services ("Louisiana OCS-CPS") and Ouachita Office of Community Service Child Protective Services ("Ouachita OCS-CPS") (Rec. Doc. 43). Plaintiff, Margaret Johnson ("Johnson") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law that Court finds that the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Johnson filed this case on behalf of her granddaughter, Darielle Williams ("Darielle"), alleging that Darielle's civil rights were violated in child protective proceedings. According to Johnson, each of the defendants played a part in the state court proceedings, which ultimately

resulted in Darielle's placement in foster care.  Johnson claims that Darielle's, and her own, rights were violated and that she should have been awarded custody of the child.  She filed this suit praying, among other things, that this Court issue an order preventing the defendants from removing children, who are not in danger, from their families' homes.

## II. ANALYSIS

When considering a motion to dismiss under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).  Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim.  *Id.* at 284-285 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss.  *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes,* 987 F.2d at 284).

The defendants have asserted a few alternate theories as to why Johnson's claims against them should be dismissed.  First, they assert that this Court lacks subject matter jurisdiction over this suit under the *Rooker-Feldman* doctrine, because the suit is a collateral attack upon a state court judgment.  Next, they assert that Robert Couvillion, Donna Davenport, Evelyn Jenkins, Cindy Murphy and Ginger Pine are all entitled to qualified immunity and that there are no factual allegation which reflect their specific participation in any alleged wrong.  They also

argue that suits against the Louisiana OCS-CPS and the Ouachita OCS-CPS are barred by the Eleventh Amendment and that the Ouachita OCS-CPS is not a separate entity capable of being sued. Finally, they argue that the entire action has perscribed as it pertains to Johnson's rights.

### A. ROBERT COUVILLION, DONNA DAVENPORT, EVELYN JENKINS, CINDY MURPHY AND GINGER PINE

Robert Couvillion, Donna Davenport, Evelyn Jenkins, Cindy Murphy and Ginger Pine are all employees of the Louisiana OCS-CPS and/or the Ouachita OCS-CPS. They argue that, as state employees, they are entitled to qualified immunity, which dictates that Johnson's claims against them must be dismissed.

Qualified immunity shields government officials preforming discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 369 (1982). The Supreme Court has recognized that immunity is "an entitlement not to stand trial or fact the other burdens of litigation," in addition to a shield from liability. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Because the entitlement is an "*immunity from suit* . . . [,] it is effectively lost if a case is erroneously permitted to go to trial. *Id.* (emphasis in original). As a result, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in the litigation." *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The examination of a claim for qualified immunity involves a two-step analysis. Fist, the Court must inquire whether the plaintiff has alleged the violation of a clearly established constitutional right. *Siegert v. Gilly*, 500 U.S. 226, 111 S.Ct, 1789, 114 L.Ed.2d 277 (1991).

"The second step is to 'decide whether the defendant's conduct was objectively reasonable' in light of legal rules clearly established at the time of the incident." *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000) (quoting *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993)). Furthermore, the conduct of each defendant must be analyzed separately in light of the circumstances with which each defendant was confronted. See, *Saucier*, 533 U.S. at 202. ("The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

The Fifth Circuit imposes a somewhat heightened pleading requirement on plaintiffs faced with a qualified immunity defense. The Court noted in *Todd v. Hawk*, 72 F.3d 443 (5th Cir. 1995), that "we stand by our insistence that complaints plead more than conclusions, and that a plaintiff can, at the pleading stage, be required to engage the affirmative defense of qualified immunity when invoked . . ." (quoting *Schultea v. Wood*, 47 F.3d 1428 (5th Cir. 1995)).

In this case, Johnson's complaints do not describe any actions of these defendants. Each defendant is only mentioned twice in the complaints. Specifically, they are first mentioned in the first amended complaint where Johnson lists only their names as defendants and then again in the second amended complaint under the list of "[p]arties," with a description of each defendant's job. However, there is not a single fact in the pleadings regarding any of these defendants by which one could evaluate whether his or her behavior was objectively reasonable. There is not even an allegation of wrongdoing. Nonetheless, in her opposition to this motion to dismiss, Johnson asserts that these defendants "are not entitled to qualified immunity on [her] claims [that] they deceived judicial officers in obtaining a custody order or deliberately or

recklessly incorporated known falsehoods into their records, criminal complaints and applications." As stated above, there are no such claims alleged in any of the complaints and, in any event, such conclusory statements, without supporting facts, are insufficient to meet the heightened pleading requirement in this Circuit.

However, the Fifth Circuit has established a procedure, short of dismissing a case, to undertake in situations where a plaintiff's initial pleadings appear deficient with regard to a qualified immunity defense. As discussed in *Schultea*, 47 F.3d at 1433-34, "[f]irst, the district court must insist that the plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests of more than conclusions alone. Second, the court may in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." The *Schultea* Court continued, "[v]indicating the immunity doctrine will ordinary require such a reply, and the *district court's discretion not to do so is narrow indeed* when greater detail might assist . . . The District Court need not allow any discovery unless it finds that plaintiff has supported his claim *with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id.* at 1434 (emphasis added). Furthermore, the courts have recognized that it may be necessary, before resolving the question of qualified immunity, to permit discovery limited to the qualified immunity issue in cases where the question of objective reasonableness may turn on facts peculiarly within the knowledge of the defendants. *Schultea*, 47 F.3d at 1432 (citing *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

At fist blush, this appears to be a case in which additional pleadings and/or discovery would help to develop the qualified immunity claims. However, the plaintiff has already

amended her complaint twice and has failed to provide sufficient allegations against these defendants. After filing her complaint and two amended complaints, she has failed to articulate the violation of a right that was clearly established at the time of the incident of which she complains. Thus, this Court is disinclined to allow her another opportunity to do so. As such, Robert Couvillion, Donna Davenport, Evelyn Jenkins, Cindy Murphy and Ginger Pine are entitled to qualified immunity and the claims against them must be dismissed.

Furthermore, Johnson's claims against Robert Couvillion, Donna Davenport, Evelyn Jenkins, Cindy Murphy and Ginger Pine must be dismissed because she has failed to state a claim upon which relief can be granted. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts that illustrate the defendants' participation in the alleged constitutional violation. *Jacques v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). As explained above, Johnson's complaints barely mention the defendants, much less describe any participation by them in an alleged constitutional wrong. Thus, Johnson's claims against them must be dismissed.

### B. LOUISIANA OCS-CPS AND THE OUACHITA OCS-CPS

The Louisiana OCS-CPS and the Ouachita OCS-CPS argue that any claims against them are barred by the Eleventh Amendment. They argue that the state has sovereign immunity, which it has not waive, and as a result these state agencies cannot be sued. Johnson, on the other hand, argues that the Eleventh Amendment does not bar a damages claims against he state, even in the absence of a waiver of sovereign immunity when the entity named is only sued in its

representative capacity.[1]

The Eleventh Amendment of the Constitution provides immunity to States from suits in federal court by private persons, unless the State has waived it sovereign immunity. *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir. 1990) (citing *Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 908 (1984)).  Louisiana has not waived its Eleventh Amendment immunity.  La. R.S. § 13:5106(A); *Cozzo v. Tangipahoa Parish-Council-President Government*, 279 F.3d 273, 281 (5th Cir. 2002) (the Eleventh Amendment bars federal § 1983 lawsuits against Louisiana state agencies for both money damages and injunctive relief.)  Therefore, the Eleventh Amendment bars Johnson from bringing both federal and state claims in federal court against the State of Louisiana through the Louisiana OCS-CPS and the Ouachita OCS-CPS.  Accordingly, all of Johnson's claims against the State of Louisiana through the Louisiana OCS-CPS and the Ouachita OCS-CPS are dismissed.

---

[1] Johnson cites *California v. Campbell*, 1138 F.3d 784, 787 (9th Cir. 1998) for this proposition.  However, the Court was unable locate this decision.  It appears that Johnson intended to cite *California v. Campbell*, 138 F.3d 772 (9th Cir. 1998).  In that case, the State of California brought suit to require the defendants to cleanup groundwater contaminated by hazardous chemicals.  The case does not implicate the Eleventh Amendment.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion to Dismiss is hereby **GRANTED**.  However, it is **DENIED** as to the defendants' request that the plaintiff pay the costs.

New Orleans, Louisiana this 12th day of February, 2007.

                                                                            _____
                                                                            HELEN G. BERRIGAN
                                                                            UNITES STATES DISTRICT JUDGE